IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MULLER MARTINI CORP. and <br> MULLER MARTINI MAILROOM <br> SYSTEMS, INC., <br><br>    Plaintiff, <br><br> v. <br><br> GOSS INTERNATIONAL AMERICAS, <br> INC. and GOSS INTERNATIONAL <br> CORPORATION, <br><br>    Defendants/Third-Party Plaintiffs, <br><br> v. <br><br> MÜLLER MARTINI HOLDING AG, <br> MÜLLER MARTINI MARKETING <br> AG, and GRAPHA HOLDING AG <br><br>    Third-Party Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    C.A. No. 07-667 (***) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' REPLY TO DEFENDANTS'
COUNTERCLAIM AND PLAINTIFFS' COUNTERCLAIM**

      Muller Martini Corp. and Muller Martini Mailroom Systems, Inc. (hereinafter collectively referred to as "plaintiffs"), plaintiffs and counterclaim defendants, for their reply to the counterclaim of Goss International Americas, Inc. and Goss International Corporation (hereinafter collectively referred to as "defendants"), hereby allege as follows:

**THE PARTIES**

      1.    Plaintiffs admit that Goss International Americas, Inc. is a Delaware corporation with its principal place of business in Dover, New Hampshire.

      2.    Plaintiffs admit that Goss International Corporation is a Delaware corporation with its principal place of business in Bolingbrook, Illinois.

3. Plaintiffs admit that Muller Martini Corp. is a New York corporation with its principal place of business in Hauppauge, New York.

4. Plaintiffs admit that Muller Martini Mailroom Systems, Inc. is a Delaware corporation with its principal place of business in Allentown, Pennsylvania.

5. Plaintiffs make no response to the allegations of Paragraph 5 identifying MMH and MMH makes no response since it has not yet been served.

6. Plaintiffs make no response to the allegations of Paragraph 6 identifying MM Marketing and MM Marketing makes no response since it has not yet been served.

7. Plaintiffs make no response to the allegations of Paragraph 7 identifying Grapha and Grapha makes no response since it has not yet been served.

8. Plaintiffs admit that MMH, MM Marketing and Grapha are related entities and are members of the Muller Martini family of companies. For the remainder of this reply, plaintiffs limit their responses to paragraphs referring to the "Muller Martini Companies" to Muller Martini Corp. and Muller Martini Mailroom Systems, Inc.

## JURISDICTION AND VENUE

9. Plaintiffs admit that defendants' counterclaim purports to state a claim under the Federal Declaratory Judgment Act and the patent laws of the United States.

10. Plaintiffs admit that this Court has subject matter jurisdiction and that venue is proper in this District.

11. Plaintiffs admit that they are subject to personal jurisdiction in this District, but do not admit that any of the remaining Muller Martini companies are subject to personal jurisdiction in this District.

### COUNT I
### COUNTERCLAIM FOR DECLARATORY
### JUDGMENT OF NONINFRINGEMENT
### (Against Muller Martini and Mailroom Systems)

12. For their response to Paragraph 12, plaintiffs reallege and incorporate by reference each of the responses to the allegations of Paragraphs 1-11 as if fully set forth herein.

13. Plaintiffs admit that an actual controversy exists between defendants and plaintiffs respecting the '775 patent.

14. Plaintiffs deny the allegations of Paragraph 14.

15. Plaintiffs deny the allegations of Paragraph 15.

16. Plaintiffs deny the allegations of Paragraph 16.

### COUNT II
### COUNTERCLAIM FOR DECLARATORY
### JUDGMENT OF INVALIDITY
### (Against Muller Martini and Mailroom Systems)

17. For their response to Paragraph 17, plaintiffs reallege and incorporate by reference each of the responses to the allegations of Paragraphs 1-16 as if fully set forth herein.

18. Plaintiffs admit that an actual controversy exists between defendants and plaintiffs respecting the '775 patent.

19. Plaintiffs deny that the '775 patent is invalid.

20. Plaintiffs deny that defendants are entitled to a judgment of invalidity.

21. Plaintiffs deny that defendants are entitled to an award of attorneys' fees.

### COUNT III
### COUNTERCLAIM FOR PATENT INFRINGEMENT
### (Against Muller Martini and Mailroom Systems)

22. For their response to Paragraph 22, plaintiffs reallege and incorporate by reference each of the responses of Paragraphs 1-21 as if fully set forth herein.

23. Plaintiffs admit that the United States Patent and Trademark Office issued U.S. Patent No. 5,499,803 on March 19, 1996, and that a true and correct copy of that patent was attached to the counterclaim. All other allegations of this paragraph are denied.

24. Plaintiffs lack sufficient information to enable them to admit or deny the allegations of Paragraph 24, and thus deny the same, leaving defendants to their proofs thereof.

25. Plaintiffs lack sufficient information to enable them to admit or deny the allegations of Paragraph 25, and thus deny the same, leaving defendants to their proofs thereof.

26. Plaintiffs admit that, under the Patent Laws of the United States, an issued United States patent is presumed valid by statute. Plaintiffs deny the remaining allegations of Paragraph 26.

27. Plaintiffs deny that they have infringed, either directly or through acts of contributory infringement or inducement, any valid claim of the '775 patent. Plaintiffs also deny that they have committed any acts of infringement and/or inducement of infringement in this District or elsewhere.

28. Plaintiffs deny the allegations of Paragraph 28.

29. Plaintiffs deny the allegations of Paragraph 29.

30. Plaintiffs deny the allegations of Paragraph 30 that either has infringed or that such infringement has been intentional and willful.

**COUNT IV**
**COUNTERCLAIM FOR ATTEMPTED MONOPOLIZATION IN**
**VIOLATION OF SECTION 2 OF THE SHERMAN ACT, 15 U.S.C. § 2**
**(Against Muller Martini and Mailroom Systems)**

31. For its response to Paragraph 31, plaintiffs reallege and incorporate by reference each of the responses of Paragraphs 1-30 as if fully set forth herein.

32. Plaintiffs admit that they have asserted a claim of infringement of the '775 patent against defendants in this lawsuit.

33. Plaintiffs deny that the patentee of the '775 patent knowingly and intentionally procured the '775 patent by fraud and deny that the patentee omitted and/or misrepresented material prior art before the PTO.

34. Plaintiffs admit that the patentee of the '775 patent had a duty to bring to the attention of the PTO material prior art. All other allegations of this paragraph are denied.

35. Plaintiffs deny that the patentee of the '775 patent violated any duty of disclosure and further deny that the patentee withheld the Dubbel publication cited by the European Patent Office.

36. Plaintiffs deny that the patentee of the '775 patent violated any duty of disclosure and further deny that the patentee withheld the Schmidt publication cited by the European Patent Office.

37. Plaintiffs admit that the U.S. application was filed June 14, 1996 and that the European application was filed June 17, 1996 with a claim of priority to the earlier Swiss application.

38. Plaintiffs admit that a third party submitted observations to the European Patent Office and that such observations were reported to the patentee. All remaining allegations of this paragraph are denied.

39. Plaintiffs deny that the patentee knew of the materiality and/or significance of the Dubbel prior art at any time. Plaintiffs admit that the patentee did not submit the Dubbel prior art reference to the PTO within three months. All remaining allegations of this paragraph are denied.

40. Plaintiffs admit that the European Patent Office referred to the Dubbel and Schmidt references in refusing to allow the European application. All other allegations of this paragraph are denied.

41. Plaintiffs deny the allegations of Paragraph 41 that the Dubbel prior art reference was material to the U.S. application.

42. Plaintiffs deny the allegations of Paragraph 42 that the Schmidt prior art reference was material to the U.S. application.

43. Plaintiffs admit that the patentee filed a Continued Prosecution Application on June 29, 1998.

44. Plaintiffs deny the allegations of Paragraph 44 inasmuch as the patentee had no duty to submit the prior art to the PTO.

45. Plaintiffs deny that the patentee failed to submit the prior art to the PTO, and further deny that the patentee had any duty to cite that prior art.

46. Plaintiffs admit that the patentee issued a non-final Office Action on December 7, 1998, but deny that the claims were rejected as invalid.

47. Plaintiffs admit that the PTO amended the corresponding EPO application. All other allegations of this paragraph are denied.

48. Plaintiffs deny that the patentee acknowledged materiality of the prior art.

49. Plaintiffs admit that the patentee filed a response to a non-final Office Action on June 7, 1999.

50. Plaintiffs deny the allegations of Paragraph 50 inasmuch as the patentee had no obligation to submit the prior art to the PTO.

51. Plaintiffs deny the allegations of Paragraph 51, and further deny that the patentee had any duty to cite that prior art to the PTO.

52. Plaintiffs admit that the patentee received a Notice of Allowance dated August 24, 2000.

53. Plaintiffs deny the allegations of Paragraph 53 in that the patentee had no obligation to cite the prior art.

54. Plaintiffs deny the allegations of Paragraph 54 that the Examiner would have reopened prosecution and rejected the claims in the application which issued as the '775 patent.

55. Plaintiffs deny the allegations of Paragraph 55 that the patentee failed to cite the prior art, and further deny that the patentee had a duty to do so.

56. Plaintiffs admit that the patentee, on September 21, 2000, submitted a letter to the PTO citing the Dubbel and Schmidt prior art references. All other allegations of this paragraph are denied.

57. Plaintiffs admit that the patentee did not submit an English translation of the prior art. All other allegations of this paragraph are denied.

58. The allegations of fraud as set forth in Paragraph 58 are denied.

59. Plaintiffs deny the allegations of Paragraph 59.

60. Plaintiffs deny the allegations of Paragraph 60.

61. Plaintiffs deny the allegations of Paragraph 61.

62. Plaintiffs deny that the relevant market is limited to the United States and is directed to newspaper inserters for "mid-to-high circulation applications".

63. The allegations of Paragraph 63 are denied.

64. The allegations of Paragraph 64 are denied.

65. The allegations of Paragraph 65 are denied.

66. The allegations of Paragraph 66 are denied.

67. The allegations of Paragraph 67 are denied.

Further answering the counterclaim, plaintiffs allege:

### First Affirmative Defense

68. U.S. Patent No. 5,499,803 ("the '803 patent") is invalid, void and of no legal effect for failing to comply with the Patent Laws of the United States, including at least 35 U.S.C. §§ 101, 102, 103 and/or 112, for the following reasons, among others:

    (a) The alleged invention claimed in the '803 patent was known or used by others in this country, or was patented or described in printed publications in this or a foreign country, before the alleged invention thereof by the person named in the '803 patent as the inventor;

    (b) The alleged invention claimed in the '803 patent was patented or described in printed publications in this or a foreign country, or was in public use or on sale in this country, more than one year prior to the first date of application for patent thereon in the United States;

    (c) The alleged invention claimed in the '803 patent is described in patents granted on applications filed in the United States by third persons prior to the alleged invention thereof by the person named in the '803 patent as the inventor;

    (d) The alleged invention claimed in the '803 patent was conceived and reduced to practice in the United States by third persons, prior to the alleged invention

thereof by the person named in the '803 patent as the inventor, and was not abandoned, suppressed or concealed; and/or

(e) The differences between the alleged invention claimed in the '803 patent and the prior art are such that the subject matter of the alleged invention of the '803 patent, as a whole, would have been obvious, at the time the alleged invention was made, to any person of ordinary skill in the pertinent art.

## Second Affirmative Defense

69. During the prosecution of the '803 patent, the claims thereof were so restricted in meaning and limited in scope, in order to distinguish the alleged invention thereof from the prior art, that the claims do not describe or embrace any product made, used, sold or offered for sale by plaintiffs.

## Third Affirmative Defense

70. On information and belief, defendants' claims for infringement of the '803 patent are barred by the equitable doctrines of laches, estoppel, and acquiescence as a result of the acts and omissions of defendants and/or their predecessors and/or those acting on their behalf. On information and belief, defendants delayed in bringing this action against plaintiffs until considerable time had passed and the memories of the witnesses relating to such events had dimmed and documents had likely been destroyed. Defendants' delay in bringing its claims for infringement has caused significant harm to plaintiffs. As a result, defendants should be barred under the equitable doctrines of laches, estoppel and acquiescence from proceeding with their alleged claims against plaintiffs.

**Fourth Affirmative Defense**

71. On information and belief, defendants' '803 patent expired by reason of nonpayment of the mandatory maintenance fees.

**Fifth Affirmative Defense**

72. On information and belief, all or a portion of defendants' claims for infringement of the '803 patent are barred under Title 35 United States Code § 41(c)(2).

**Sixth Affirmative Defense**

73. On information and belief, defendants intentionally failed to pay the necessary maintenance fees, and defendants misrepresented its conscious decision not to pay the fees as unintentional. Therefore, the acceptance of maintenance fees for the '803 patent constituted inequitable conduct, rendering the '803 patent invalid, unenforceable and/or void.

**COUNTERCLAIM**

1. Plaintiffs' counterclaim is for a declaratory judgment that the claims of United States Letters Patent No. 5,499,803 ("the '803 patent") are invalid and have not been infringed. This Court has jurisdiction over this Count of plaintiffs' counterclaim by virtue of 28 U.S.C. §§ 1338, 2201 and 2202.

2. Defendants have charged plaintiffs with infringement of the '803 patent by their counterclaim herein and are seeking to enforce said patent against plaintiffs.

3. Plaintiffs deny that the claims of the '803 patent are valid or have been infringed for the reasons alleged in Plaintiffs' Reply To Defendants' Counterclaim And Plaintiffs' Counterclaim, such allegations being realleged and incorporated by reference as if fully set forth again.

4. By virtue of the matters alleged in the foregoing paragraphs of plaintiffs' counterclaim, actual controversies with respect to the validity, infringement and/or enforceability of the claims of the '803 patent have arisen and do now exist between defendants and plaintiffs.

(a) Dismissing defendants' counterclaims in their entirety;

(b) Declaring that the asserted claims of the '775 patent are valid;

(c) Declaring that the asserted claims of the '775 patent have been infringed;

(d) Declaring that the claims of the '803 patent are invalid, unenforceable, void and of no legal effect;

(e) Declaring that plaintiffs have not infringed any claim of the '803 patent;

(f) Declaring that plaintiffs are entitled to intervening rights under 35 U.S.C. § 41(c)(2);

(g) Declaring that this case is exceptional within the meaning under 35 U.S.C. § 285;

(h) Awarding to plaintiffs their reasonable attorney fees incurred in their defense of defendants' counterclaim and in the prosecution of their counterclaim;

(i) Awarding to plaintiffs their costs incurred in their defense of defendants' counterclaim; and

(j) Granting to plaintiffs such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand trial by jury of all issues in this action triable of right by a jury.

MORRIS NICHOLS ARSHT & TUNNELL LLP

*/s/ Julia Heaney (#3052)*

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

*Attorney for Plaintiffs Muller Martini Corp. and Muller Martini Mailroom Systems, Inc.*

OF COUNSEL:

Keith V. Rockey
Kathleen A. Lyons
Avani C. Macaluso
Matthew L. De Preter
ROCKEY, DEPKE & LYONS, LLC
Sears Tower, Suite 5450
233 South Wacker Drive
Chicago, IL 60606
(312) 277-2006

January 9, 2008
1379021

**CERTIFICATE OF SERVICE**

        I hereby certify that on January 9, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

>John L. Reed, Esquire
>Denise Seastone Kraft, Esquire
>Joseph B. Cicero, Esquire
>EDWARDS ANGELL PALMER & DODGE LLP

        I further certify that I caused to be served copies of the foregoing document on January 9, 2008 upon the following in the manner indicated:

John L. Reed, Esquire                                                                  *VIA ELECTRONIC MAIL*
Denise Seastone Kraft, Esquire
Joseph B. Cicero, Esquire
EDWARDS ANGELL PALMER & DODGER LLP
919 North Market Street
15th Floor
Wilmington, DE  19801

                                                      */s/ Julia Heaney (#3052)*
                                                      Julia Heaney (#3052)
                                                      jheaney@mnat.com