IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MULLER MARTINI CORP. and<br>MULLER MARTINI MAILROOM<br>SYSTEMS, INC., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| GOSS INTERNATIONAL AMERICAS, INC.<br>and GOSS INTERNATIONAL<br>CORPORATION, | ) Case No. 07-667 (JJF)<br>)<br>)<br>) |
| Defendants/Third-Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| MÜLLER MARTINI HOLDING AG,<br>MÜLLER MARTINI MARKETING AG, and<br>GRAPHA HOLDING AG | )<br>)<br>)<br>) |
| Third-Party Defendants. | ) |

**ANSWER OF MÜLLER MARTINI HOLDING AG AND
GRAPHA HOLDING AG TO THE THIRD PARTY COMPLAINT
OF DEFENDANTS AND THIRD PARTY PLAINTIFFS
GOSS INTERNATIONAL AMERICAS, INC. AND
<u>GOSS INTERNATIONAL CORPORATION AND COUNTERCLAIM</u>**

Third party defendants, Müller Martini Holding AG ("MMH") and Grapha Holding AG ("Grapha"), for their answer to the third party complaint of Goss International Americas, Inc. and Goss International Corporation (hereinafter collectively referred to as "Goss"), hereby allege as follows:

<u>THE PARTIES</u>

1. MMH and Grapha admit that Goss International Americas, Inc. is a Delaware corporation with its principal place of business in Dover, New Hampshire.

2. MMH and Grapha admit that Goss International Corporation is a Delaware corporation with its principal place of business in Bolingbrook, Illinois.

3. MMH and Grapha admit that Muller Martini Corp. is a New York corporation with its principal place of business in Hauppauge, New York.

4. MMH and Grapha admit that Muller Martini Mailroom Systems, Inc. is a Delaware corporation with its principal place of business in Allentown, Pennsylvania.

5. MMH and Grapha admit that Müller Martini Holding AG is a company organized under the laws of the country of Switzerland.

6. MMH and Grapha admit that Müller Martini Marketing AG is a company organized under the laws of the country of Switzerland.

7. MMH and Grapha admit that Grapha Holding AG is a company organized under the laws of the country of Switzerland.

8. MMH and Grapha admit that Muller Martini Corp., Muller Martini Mailroom Systems, Inc., Müller Martini Holding AG, Müller Martini Marketing AG and Grapha Holding AG are related entities and are members of the Müller Martini family of companies.

JURISDICTION AND VENUE

9. MMH and Grapha admit that defendants' counterclaim purports to state a claim under the Federal Declaratory Judgment Act and the Patent Laws of the United States.

10. MMH and Grapha admit that this Court has subject matter jurisdiction but deny that venue is proper in this District. MMH and Grapha have elected not to contest the issue of improper venue.

11. MMH and Grapha admit that this Court has personal jurisdiction over Muller Martini Corp. and Muller Martini Mailroom Systems, Inc. in this District. As to Müller Martini Holding AG, Müller Martini Marketing AG and Grapha Holding AG, MMH and Grapha

deny that Müller Martini Holding AG, Müller Martini Marketing AG and Grapha Holding AG are subject to personal jurisdiction in this District but have elected not to contest the issue of lack of personal jurisdiction.[*]

COUNT III
COUNTERCLAIM AND THIRD PARTY
CLAIMS FOR PATENT INFRINGEMENT
(Against Muller Martini Corp., Muller Martini Mailroom Systems, Inc.,
Müller Martini Holding Ag, Müller Martini Marketing Ag and Grapha Holding Ag)

22. For their response to Paragraph 22, MMH and Grapha reallege and incorporate by reference each of the responses of Paragraphs 1-11 as if fully set forth herein.

23. MMH and Grapha admit that the United States Patent and Trademark Office issued U.S. Patent No. 5,499,803 on March 19, 1996, entitled "Collator Without A Main Line Drive Shaft" and that a true and correct copy of that patent was attached to the third party complaint. All other allegations of Paragraph 23 are denied.

24. MMH and Grapha lack sufficient information to enable them to admit or deny the allegations of Paragraph 24, and thus deny the same, leaving defendants to their proofs thereof.

25. MMH and Grapha lack sufficient information to enable them to admit or deny the allegations of Paragraph 25, and thus deny the same, leaving defendants to their proofs thereof.

26. MMH and Grapha admit that, under the Patent Laws of the United States, an issued United States patent is presumed valid by statute. MMH and Grapha deny the remaining allegations of Paragraph 26.

27. MMH and Grapha deny the allegations of Paragraph 27.

---

[*] MMH and Grapha make no response to Counts I, II and IV since those counts do not involve MMH and Grapha.

28. MMH and Grapha deny the allegations of Paragraph 28.

29. MMH and Grapha deny the allegations of Paragraph 29.

30. MMH and Grapha deny the allegations of Paragraph 30.

Further answering the third party complaint, MMH and Grapha allege:

<u>First Affirmative Defense</u>

31. U.S. Patent No. 5,499,803 ("the '803 patent") is invalid, void and of no legal effect for failing to comply with the Patent Laws of the United States, including at least 35 U.S.C. §§ 101, 102, 103 and/or 112, for the following reasons, among others:

(a) The alleged invention claimed in the '803 patent was known or used by others in this country, or was patented or described in printed publications in this or a foreign country, before the alleged invention thereof by the person named in the '803 patent as the inventor;

(b) The alleged invention claimed in the '803 patent was patented or described in printed publications in this or a foreign country, or was in public use or on sale in this country, more than one year prior to the first date of application for patent thereon in the United States;

(c) The alleged invention claimed in the '803 patent is described in patents granted on applications filed in the United States by third persons prior to the alleged invention thereof by the person named in the '803 patent as the inventor;

(d) The alleged invention claimed in the '803 patent was conceived and reduced to practice in the United States by third persons, prior to the alleged invention thereof by the person named in the '803 patent as the inventor, and was not abandoned, suppressed or concealed; and/or

(e) The differences between the alleged invention claimed in the '803 patent and the prior art are such that the subject matter of the alleged invention of the '803 patent, as a whole, would have been obvious, at the time the alleged invention was made, to any person of ordinary skill in the pertinent art.

The particulars regarding prior uses and sales, the prior patents and prior printed publications referred to in sub-paragraphs (a) through (e) above will be supplied to Goss in writing by MMH and Grapha at least thirty (30) days before trial, in conformity with the provisions of 35 U.S.C. § 282.

<u>Second Affirmative Defense</u>

32. During the prosecution of the '803 patent, the claims thereof were so restricted in meaning and limited in scope, in order to distinguish the alleged invention thereof from the prior art, that the claims do not describe or embrace any product allegedly made, used, sold or offered for sale by MMH and Grapha.

<u>Third Affirmative Defense</u>

33. On information and belief, defendants' claims for infringement of the '803 patent are barred by the equitable doctrines of laches, estoppel, and acquiescence as a result of the acts and omissions of defendants and/or their predecessors and/or those acting on their behalf. On information and belief, defendants delayed in bringing this action against MMH and Grapha until considerable time had passed and the memories of the witnesses relating to such events had dimmed and documents had likely been destroyed. Defendants' delay in bringing its claims for infringement has caused significant harm to MMH and Grapha. As a result, defendants should be barred under the equitable doctrines of laches, estoppel and acquiescence from proceeding with their alleged claims against MMH and Grapha.

Fourth Affirmative Defense

34. On information and belief, defendants' '803 patent expired by reason of nonpayment of the mandatory maintenance fees.

Fifth Affirmative Defense

35. On information and belief, all or a portion of defendants' claims for infringement of the '803 patent are barred under Title 35 United States Code § 41(c)(2).

Sixth Affirmative Defense

36. On information and belief, defendants intentionally failed to pay the necessary maintenance fees, and defendants misrepresented its conscious decision not to pay the fees as unintentional. Therefore, the acceptance of maintenance fees for the '803 patent constituted inequitable conduct, rendering the '803 patent invalid, unenforceable and/or void.

COUNTERCLAIM

For their counterclaim against defendants, MMH and Grapha allege as follows:

1. The counterclaim of MMH and Grapha is for a declaratory judgment that the claims of United States Letters Patent No. 5,499,803 ("the '803 patent") are invalid and have not been infringed. This Court has jurisdiction over the counterclaim of MMH and Grapha by virtue of 28 U.S.C. §§ 1338, 2201 and 2202.

2. Defendants have charged MMH and Grapha with infringement of the '803 patent by their counterclaim herein and are seeking to enforce said patent against MMH and Grapha.

3. MMH and Grapha deny that the claims of the '803 patent are valid or have been infringed for the reasons alleged in the Answer Of Müller Martini Holding AG And Grapha Holding AG To The Third Party Complaint Of Defendants And Third Party Plaintiffs Goss

6

International Americas, Inc. And Goss International Corporation, such allegations being realleged and incorporated by reference as if fully set forth again.

   4. By virtue of the matters alleged in the foregoing paragraphs of the counterclaim of MMH and Grapha, actual controversies with respect to the validity, infringement and/or enforceability of the claims of the '803 patent have arisen and do now exist between defendants and MMH and Grapha.

   WHEREFORE, MMH and Grapha pray for the entry of a final judgment:

(a) Dismissing defendants' third party complaint in its entirety;

(b) Declaring that the claims of the '803 patent are invalid, unenforceable, void and of no legal effect;

(c) Declaring that MMH and Grapha have not infringed any claim of the '803 patent;

(d) Declaring that MMH and Grapha are entitled to intervening rights under 35 U.S.C. § 41(c)(2);

(e) Declaring that this case is exceptional within the meaning under 35 U.S.C. § 285;

(f) Awarding to MMH and Grapha their reasonable attorney fees incurred in their defense of defendants' third party complaint and in the prosecution of their counterclaim;

(g) Awarding to MMH and Grapha their costs incurred in their defense of defendants' third party complaint; and

(h) Granting to MMH and Grapha such further relief as the Court deems just and proper.

<u>JURY DEMAND</u>

  MMH and Grapha hereby demand trial by jury of all issues in this action triable of right by a jury.

                MORRIS NICHOLS ARSHT & TUNNELL LLP

                */s/ Julia Heaney (#3052)*

                Jack B. Blumenfeld (#1014)
                Julia Heaney (#3052)
                1201 North Market Street
                P.O. Box 1347
                Wilmington, DE  19899-1347
                (302) 658-9200
                jheaney@mnat.com
                 *Attorney for Plaintiffs Muller Martini Corp.*
                 *and Muller Martini Mailroom Systems, Inc.*

OF COUNSEL:

Keith V. Rockey
Kathleen A. Lyons
Avani C. Macaluso
Matthew L. De Preter
ROCKEY, DEPKE & LYONS, LLC
Sears Tower, Suite 5450
233 South Wacker Drive
Chicago, IL  60606
(312) 277-2006

May 8, 2008
2321111

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

>John L. Reed, Esquire
>Denise Seastone Kraft, Esquire
>Joseph B. Cicero, Esquire
>EDWARDS ANGELL PALMER & DODGE LLP

I further certify that I caused to be served copies of the foregoing document on May 8, 2008 upon the following in the manner indicated:

John L. Reed, Esquire                                                          *VIA ELECTRONIC MAIL*
Denise Seastone Kraft, Esquire
Joseph B. Cicero, Esquire
EDWARDS ANGELL PALMER & DODGER LLP
919 North Market Street
15th Floor
Wilmington, DE  19801


*/s/ Julia Heaney (#3052)*
_____
Julia Heaney (#3052)
jheaney@mnat.com