# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Julia Heaney
302 351 9221
302 425 3004 Fax
jheaney@mnat.com

June 3, 2008

**BY E-FILING**

The Honorable Joseph J. Farnan, Jr.
District Court Judge
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE  19801

    Re:  *Muller Martini Corp., et al. v. Goss International Americas, Inc., et al.*, C.A. No. 07-667 (JJF)

Dear Judge Farnan:

  In connection with the Rule 16 conference scheduled for June 5, 2008 in the above-referenced case, the parties have conferred and are submitting the enclosed proposed Rule 16 Scheduling Order for the Court's consideration.  The parties have set forth separate proposals in paragraphs 2, 4(c) and 8.

              Respectfully,

              /s/ Julia Heaney

              Julia Heaney

JH:ncf
Enclosure

  cc:  Clerk, U.S. District Court (by hand delivery)
     John L. Reed (by e-mail)
     Denise Seastone Kraft (by e-mail)
     Joseph B. Cicero (by e-mail)

2351237

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MULLER MARTINI CORP. and<br>MULLER MARTINI MAILROOM SYSTEMS,<br>INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| GOSS INTERNATIONAL AMERICAS, INC.<br>and GOSS INTERNATIONAL<br>CORPORATION, | ) Case No. 07-667<br>)<br>) |
| Defendants/Third-Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| MÜLLER MARTINI HOLDING AG, MÜLLER<br>MARTINI MARKETING AG, and GRAPHA<br>HOLDING AG | )<br>)<br>) |
| Third-Party Defendants. | ) |

## **RULE 16 SCHEDULING ORDER**

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. <u>Pre-Discovery Disclosures</u>. The parties will exchange by June 30, 2008, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.1.

2. <u>Joinder of other Parties</u>. Plaintiffs suggest that all motions to join other parties shall be filed on or before July 30, 2008. Defendants suggest that all motions to join other parties shall be filed on or before December 30, 2008.

3. <u>Settlement Conference</u>. The parties agree that they would not benefit from a settlement conference at this time.

4. <u>Discovery</u>.

(a) Exchange of interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by September 1, 2008. Fact discovery shall be completed by May 15, 2009.

(b) Maximum of 50 interrogatories, including contention interrogatories, for each side.

(c) Plaintiffs suggest a maximum of 100 requests for admission for each machine accused of infringement. Defendants suggest a maximum of 300 requests for admission for each machine accused of infringement.

(d) Maximum of 25 depositions by plaintiffs and 25 by defendants, excluding expert depositions. Depositions shall not commence until after the date set forth in the first sentence of Paragraph 4(a) has passed.

(e) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party with the burden of proof on the issue the expert is offered sixty (60) days after the issuance of the Court's Markman decision and rebuttal reports are due forty-five (45) days after receipt of the initial expert reports.

(f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of the last expert rebuttal report, unless otherwise agreed in writing by the parties or ordered by the Court.

(g) The parties suggest that notice as to whether the opposing party will waive the privilege on the issue of willfulness should be provided to the opposing party or parties by December 30, 2008.

     5.    <u>Non-Case Dispositive Motions</u>.

     (a)    Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The hearing date selected shall allow time for filing of the motion, allow for briefing in accordance with the Federal and Local Rules, and shall permit all briefing to be filed no later than 12:00 noon the Friday before the motion day on which it is to be heard. Available motion dates will be posted on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm

     (b)    At the motion hearing, each side will be allocated ten (10) minutes to argue and respond to questions from the Court.

     (c)    Upon filing of the Notice of Motion, a copy of said Notice shall be sent to Chambers by-email at: jjf_civil@ded.uscourts.gov.

     6.    <u>Amendment of the Pleadings</u>. The parties suggest that motions to amend the pleadings shall be filed on or before December 30, 2008.

     7.    <u>Case Dispositive Motions</u>. Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief within sixty (60) days of the close of expert discovery. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The parties shall follow the Court's procedures for summary judgment motions which is available on the Court's website at: http://www.ded.uscourts.gov/JJFmain.htm

     8.    <u>Markman</u>. Plaintiffs suggest that (a) a Markman Hearing, if necessary, should be held on February 15, 2009; (b) the parties shall identify and exchange their contentions at least forty-five (45) days before the Markman hearing; (c) briefing on the claim construction

issues shall be completed at least twenty (20) days prior to the hearing; and (d) the Court, after reviewing the briefing, will allocate time to the parties for the hearing.

Defendants suggest that (a) if a Markman Hearing is necessary, the date of such hearing should be determined later. Defendants suggest the following actions take place on or before the dates set forth below prior to a Markman Hearing: (a) any party alleging infringement shall serve its claim chart, identifying element-by-element for each asserted claim where the party contends the element is found in the accused device, to the party defending against infringement by July 30, 2008; (b) the party defending against infringement shall serve on the opposing party a prior art statement listing prior art that anticipates or renders obvious claims of the asserted patents by August 30, 2008; (c) any party defending against infringement shall serve its responsive claim chart, responding to any disputed point in the initial claim chart, on the party alleging infringement by September 30, 2008; (d) responsive prior art statements, explaining what elements are missing in the prior art listed in the initial prior art statement shall be served by October 30, 2008; (e) the parties are to exchange their lists of claim terms to be construed and proposed constructions by November 30, 2008; (f) the parties are to conduct a meet and confer on claim construction by December 30, 2008; (g) the parties shall file a joint claim construction statement identifying the parties' respective positions on disputed claim terms by January 15, 2009; (h) opening Markman briefs are to be filed by March 1, 2009; (i) rebuttal Markman briefs are to be filed by April 1, 2009; and (j) a status hearing to determine if a Markman hearing is needed shall be scheduled for April 15, 2009.

9. <u>Applications By Motion</u>.

(a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local

Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective June 30, 2007). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's February 1, 2008 Order on Procedures for Filing Non-dispositive motions in patent cases. Briefs shall be limited to no more than ten (10) pages. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

      (b)    No facsimile transmissions will be accepted.

      (c)    No telephone calls shall be made to Chambers.

      (d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

      10.    <u>Pretrial Conference and Trial</u>. After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

      The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____        _____

DATE                                              UNITED STATES DISTRICT JUDGE
2351323